UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN D. GREEN, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 4:12 CV 1553 ACL |
| SCOTT LAWRENCE,[1] | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Stephen D. Green for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### I. Procedural History

Green is presently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of Ste. Genevieve County, Missouri. (Respt's Ex. A at 34-35.)

Green was charged as a chronic offender with the class B felony of driving while intoxicated; and misdemeanor charges of driving with a suspended or revoked license, and failure to drive on the right side of the road. *Id.* at 8-10. Green agreed to enter an *Alford* plea on the driving while intoxicated charge, in exchange for the state's recommendation of seven years imprisonment to be served concurrently with an unrelated sentence Green was already

---

[1] Green has been transferred on multiple occasions since the filing of the Petition. He is currently incarcerated at the Algoa Correctional Center, where Scott Lawrence is the Warden. Scott Lawrence will therefore be substituted as the proper respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

1

serving at that time. *Id.* at 11-33. Green was sentenced in accordance with the state's recommendation. *Id.* The state dismissed the two misdemeanor counts. *Id.* at 34.

On May 10, 2010, Green filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 24.035. *Id.* at 40-50. On June 14, 2010, after appointment of counsel, Green filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. *Id.* at 51-55. Green argued he received ineffective assistance of counsel in that plea counsel failed to conduct a reasonable investigation, interview witnesses, and present evidence with respect to Green's defense. *Id.* On September 24, 2010, the motion court denied Green's motion. *Id.* at 151-52.

In his appeal from the denial of post-conviction relief, Green argued that plea counsel was ineffective in failing to explain the significance of an *Alford* plea. (Respt's Ex. B.) On December 20, 2011, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. (Respt's Ex. D.)

Green timely filed the instant Petition on August 27, 2012. (Doc. 1.) Green raises four grounds for relief: (1) he received ineffective assistance of counsel, which rendered his plea involuntary; (2) the statute under which he was convicted, § 577.023, RSMo. Cum. Supp. 2008, is unconstitutional and plea counsel was ineffective for failing to object to the statute; (3) he received ineffective assistance of counsel because counsel failed to interview the booking officer or review the tape in the dash camera; and (4) he received ineffective assistance of counsel because counsel failed to communicate and investigate.

On January 10, 2013, Respondent filed a Response to Order to Show Cause, in which he argues that Green's grounds for relief are procedurally defaulted and meritless. (Doc. 11.)

2

Green has filed a Traverse, in which he presents further argument in support of his grounds for relief. (Doc. 17.)

## II. Facts

The court questioned Green as follows at the plea hearing:

THE COURT: Mr. Green, approximately how many times would you say that you have discussed your case with your attorney?

[Green]: Probably twelve.

THE COURT: And about how much total time do you think was involved?

[Green]: Anywhere from 15 to 45 minutes sometimes.

THE COURT: On each occasion?

[Green]: Yeah.

THE COURT: So several hours at least?

[Green]: Yeah, yes.

THE COURT: Has your attorney investigated the case to your full satisfaction?

[Green]: Yes, sir.

THE COURT: Do you know of any witnesses that you wanted your attorney to interview that the attorney didn't interview?

[Green]: No, sir.

\*\*\*

THE COURT: Has your attorney done all the things that you have requested your attorney to do for you in the case?

[Green]: Yes, sir.

THE COURT: Has your attorney refused to do anything for you in your case that you thought the attorney should have done for you?

[Green]: No, sir.

(Respt's Ex. A at 14-15.)

Counsel indicated that she had filed a Motion to Suppress statements on Green's behalf, and that she had explained to Green that by pleading guilty, the motion would not be decided by the court. *Id.* at 16. Green testified that he understood that he would lose the opportunity to proceed with the Motion to Suppress any statements by pleading guilty. *Id.* Green testified that he was fully satisfied with the advice and counsel of his attorney and that he had no complaints about his attorney's handling of the case. *Id.*

The court then explained to Green the nature and consequences of an *Alford* plea. *Id.* at 18-19. Green testified that he wished to enter an *Alford* plea as described by the court. *Id.* at 19. The court explained to Green that, by pleading guilty, he waived his right to a jury trial, his right against self-incrimination, and his right to present evidence and witnesses. *Id.* at 19-21. Green indicated that he understood those rights and still wished to plead guilty. *Id.* at 22.

The prosecutor stated that, if the case proceeded to trial, the state would present evidence that Trooper Tim Craig pulled Green over on April 18, 2009, for failure to drive on the right half of the roadway after observing him swerve across the centerline several times. *Id.* Trooper Craig would testify that he smelled the odor of alcohol coming from Green, and that Green stated to him that he drank a couple of beers. *Id.* As Trooper Craig approached the vehicle, he noticed that Green was hiding a bottle of mouthwash. *Id.* Trooper Craig administered field sobriety testing, and determined that Green was under the influence of alcohol. *Id.* Green took the breathalyzer test, which revealed a .269 on the BAC Data Master. *Id.* at 23. The prosecutor stated that the evidence would also show that Green had four or more convictions for

prior intoxicated related offenses. *Id.* Green agreed that the state would present the evidence described by the prosecutor if the matter had gone to trial. *Id.*

Green testified that he understood that the range of punishment for count I was five to fifteen years imprisonment. *Id.* He testified that no threats or pressure of any kind was exerted against him to cause him to plead guilty. *Id.*

The following colloquy then occurred between the court and Green:

THE COURT: Are you aware that you could withdraw your pleas of guilty prior to me formally accepting them at the end of this questioning process?

[Green]: I didn't…

THE COURT: Mr. Green, that means, you're aware that I've been asking you a lengthy number of questions here. I am almost done asking those questions. Once I complete that and I accept your plea, you can't back out of it then. Do you understand that?

[Green]: Yes.

THE COURT: Right now you could still say, Judge, stop, I don't want to do this. But once I accept your plea, that's it. You can't withdraw it. Do you understand?

[Green]: Yes, sir.

THE COURT: In light of all the things that have gone on here today, is it still your desire to plead guilty to the charge against you?

[Green]: Yes, sir.

*Id.* at 25-26. The court found that Green's plea was made voluntarily and intelligently, and accepted Green's plea. *Id.* at 27.

After the court sentenced Green, he again testified that he had sufficient opportunity to discuss his case with his attorney, that his attorney did everything he asked her to do, that his attorney did not communicate any threats or promises to him to induce him to enter his plea, and that he was satisfied with the services rendered by his attorney. *Id.* at 30-31.

5

### III. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. §2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

## IV. Petitioner's Claims

The undersigned will discuss Green's four grounds for relief in turn.

**1.      Ground One**

In his first ground for relief, Green argues that he received ineffective assistance of counsel because plea counsel did not advise him that he could not withdraw his plea, or appeal and "regain his compulsory rights to pursue trial." (Doc. 1 at 5.)

Green raised this claim in his post-conviction motion and in his appeal from the denial of post-conviction relief. The motion court rejected Green's claim, finding that Green was questioned at length by the plea and sentencing court with respect to his counsel's assistance and raised none of the allegations made in his motion. (Respt's Ex. A at 151.) The Missouri Court of Appeals held as follows:

> The plea hearing transcript illustrates the following. [Green] spoke with counsel approximately 12 times for 15 to 45 minutes each, they had discussed the evidence against him and possible defenses, and he was satisfied with counsel's performance. Counsel had filed a motion to suppress [Green]'s statements to law enforcement and [Green] understood that, as a result of the plea, the motion would not be considered. The plea court explained, and [Green] understood, that an *Alford* plea is entered when a defendant does not wish to admit his guilt but recognizes that, given the State's evidence against him, there is a "good likelihood that he might be convicted on that evidence if he were to take his chances with a jury." [Green] understood that he was waiving his right to a jury trial and all rights and protections related thereto. Although the plea court did not specifically enumerate the right to directly appeal the conviction, given [Green]'s clear understanding of related rights stemming from a jury trial, any subjective expectation of a right to directly appeal a conviction entered on a guilty plea is dubious and unreasonable. A mistaken belief is reasonable only when it is based on a positive representation upon which the movant is entitled to rely. [footnote omitted] *Krider v. State*, 44 S.W.3d 850, 857 (Mo.App. W.D. 2001). "Where there is no reasonable basis for the movant's belief in light of the guilty plea record, the movant is not entitled to relief." *Id.*

7

> Moreover, even if [Green] could point to a reasonable basis for his alleged belief that a direct appeal was possible, we are still not persuaded that [Green] was prejudiced as a result—*i.e.*, that he would have elected to go to trial. This is [Green]'s seventh encounter with the justice system on DWI charges. The record here clearly demonstrates that [Green]'s decision to plead guilty for a reduced sentence, in lieu of proceeding to trial and possibly receiving a harsher sentence, was informed and calculated in light of the State's evidence against him. Point denied.

(Respt's Ex. D at 3-4.)

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that the two-pronged *Strickland* test applies to challenges to guilty pleas on grounds of ineffective assistance of counsel and that, to prevail, a habeas petitioner must show that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hill*, 474 U.S. at 59 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

The state courts' determination that the record contradicted Green's claim that he did not understand the consequences of his plea is fully supported by facts and does not contravene or unreasonably apply clearly established federal law. Green's sworn statements at the plea hearing regarding the assistance of counsel and his knowledge that he was waiving his right to trial cannot be reconciled with his claim that his plea was based on the mistaken belief that he would be able to withdraw his plea and proceed to trial. *See Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (affirming dismissal of habeas claim that plea was involuntary where the petitioner testified at the plea hearing that plea was voluntary; "Solemn declarations in open court carry a strong presumption of verity.") (citation omitted). Green testified on multiple occasions that he was satisfied with counsel's performance. (Respt's Ex. A at 16, 30-31.) Green also testified that he understood he was waiving his right to a jury trial and all associated rights. *Id.* at 19-21. Further, the plea court specifically advised Green that, after Green's plea

8

was accepted, he could not "back out of it," or "withdraw it." *Id.* at 25-26. Green testified that he understood and wished to plead guilty. *Id.* Thus, the record refutes Green's claim.

Accordingly, Green's first ground for relief will be denied.

**2.    Ground Two**

In his second ground for relief, Green argues that the statute under which he was convicted, § 577.023, RSMo. Cum. Supp. 2008, is unconstitutional. Green contends that counsel was ineffective in allowing him to plead guilty to an unconstitutional offense.

Respondent first argues that Green's claims are procedurally defaulted because Green failed to raise his claims in his amended post-conviction relief motion. Respondent also contends that Green's claims fail on their merits.

**Procedural Default**

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) and *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Wemark*, 322 F.3d at 1021 (internal quotation marks omitted) (quoting *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. *See id*. at 1022.

In this case, Green procedurally defaulted the claims contained in ground two by not raising them in his amended post-conviction relief motion or in his appeal from the denial of post-conviction relief.

Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner establishes "cause for not presenting the claim on post-conviction appeal and prejudice from the failure, or a fundamental miscarriage of justice-meaning that he is actually innocent." *Storey v. Roper*, 603 F.3d 507, 523-24 (8th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Green has not made an allegation of cause and prejudice to excuse the default. Green has also failed to make a showing of actual innocence. Thus, Green's claims are procedurally defaulted.

**Merits Analysis**

Green was charged by information under § 577.010, with driving while intoxicated, a charge that was punishable upon conviction under § 577.023, RSMo. (Respt's Ex. A at 8-9.) The information alleged that Green had pleaded guilty or had been found guilty of intoxication-related offenses on six different occasions, which were set out in detail. *Id.* One of those offenses was a charge from a municipal court. *Id.* at 8.

Green claims that § 577.023, which enhances punishment for chronic offenders due to prior intoxication-related offenses, is unconstitutional. Green cites *Turner v. State*, 245 S.W.3d 826 (Mo. banc 2008), in support of his position that prior municipal offenses cannot be used to enhance his punishment.

In *Turner*, the Missouri Supreme Court held that a municipal offense resulting in a suspended imposition of sentence could not be used to enhance a DWI conviction to a Class D felony. *Turner*, 245 S.W.3d at 827-29. The court's ruling was based on ambiguities between provisions of § 577.023 RSMo (2000 and Supp. 2004). *Id.* The court found that the

ambiguity could not be resolved through application of other canons of statutory construction, and therefore interpreted the statute in the defendant's favor according to the rule of lenity. *Id.*

The Legislature amended § 577.023 in 2008, after *Turner,* to allow for the use of municipal offenses resulting in the suspended imposition of sentence to enhance DWI sentences. The statute was reenacted in 2009, to avoid potential problems under the Missouri Constitution. *See Schaefer v. Koster*, 342 S.W.3d 299, 301 (Mo. banc 2011) (Fischer, J., dissenting).[2] Green's offense occurred on April 18, 2009, during the period when the 2008 statute was in effect.

First, Green's claim that § 577.023 violates the Missouri Constitution is not cognizable in this federal habeas action. Federal habeas relief is available only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Second, even if Green's municipal conviction is excluded, Green still has five prior intoxication-related offenses. A "chronic offender" is defined as a person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses. Section 577.023.2(a), RSMo. Because Green could still be found to be a chronic offender under Section 577.023 if the municipal charge were not considered, he was not prejudiced by plea counsel's failure to object to the enhancement of his punishment as a chronic offender.

Accordingly, Green's second ground for relief will be denied.

**3.     Grounds Three and Four**

In his third ground for relief, Green argues that he received ineffective assistance of counsel because counsel failed to interview the booking officer or review the tape in the dash

---

[2]Specifically, the Appellants in *Schaefer* argued that the 2008 version of § 577.023 violated the clear title, original purpose, and single subject provisions of the Missouri Constitution. *See Schaefer*, 342 S.W.3d at 300-01.

camera. In his fourth and final ground for relief, Green alleges a general claim that counsel was ineffective for failing to communicate and investigate.

Green raised these claims in his post-conviction relief motion, but did not include them in his appeal from the denial of post-conviction relief. Green's failure to raise these claims on post-conviction appeal constitutes a procedural default. *See Sweet v. Delo*, 125 F.3d 1144, 1150 (8th Cir. 1997). Green fails to allege cause to excuse his procedural default.

Green's claims are also meritless. As discussed above with respect to Green's first ground for relief, the plea court questioned Green extensively regarding the services of counsel. Green testified that he had discussed his case with counsel on approximately twelve occasions, and that his attorney investigated the case to his full satisfaction. (Respt's Ex. A at 15-15.) Green stated that counsel interviewed all the witnesses that he knew of in the case, that there were no witnesses that he wanted counsel to interview that counsel failed to interview, and that his attorney did everything he requested in the case. *Id.* at 15. Green testified again after he was sentenced that counsel had done everything that he asked her to do, and that he was satisfied with the services rendered by counsel. *Id.* at 30-31. Thus, Green's claims that counsel failed to investigate his case are refuted by the record.

Accordingly, Grounds Three and Four will be denied.

## V. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Green has failed to make a substantial showing of the denial of a constitutional right. The

undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## **ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

s/Abbie Crites-Leoni  
ABBIE CRITES-LEONI  
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of July, 2015.